Duquesne Light Company, Petitioner *v.* Workmen's Compensation Appeal Board (Michael Shaffer), Respondents.

Argued May 12, 1983, before Judges BLATT, MAC-PHAIL and BARBIERI, sitting as a panel of three.

*John A. Lee,* for petitioner.

*John J. Moschetta, Jr.,* for respondent, Michael Shaffer.

OPINION BY JUDGE BARBIERI, October 7, 1983:

Duquesne Light Company (Duquesne) comes before us requesting review of an award against it and in favor of Claimant, Michael Shaffer, for total disability from anthracosilicosis as of August 30, 1977, compensable under Section 108(q) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of December 6, 1972, P.L. 1627, 77 P.S. §27.1 (q). Finding no merit in either of Duquesne's two contentions, we affirm.

Duquesne's first contention is that only partial disability should have been recognized by the compensation authorities, since claimant's medical witness testified that Claimant was suffering from a combination of three diseases: anthracosilicosis, pulmonary fibrosis and emphysema, whereas the award was for total and permanent disability from anthracosilicosis under Section 108(q). The referee's first decision, dated December 15, 1978, awarding compensation, contains the following finding:

5. That after a review of the records, the testimony, exhibits, and medical evidence, your Ref-

eree chooses to believe the deposition submitted by the Claimant of Dr. A. Carl Walker that the claimant was totally and permanently disabled from anthracosilicosis as of August 30, 1977 due to his accumulative exposure to dusts in the coal mines.

The award was affirmed by the Board, but later vacated with a remand, in response to an uncontested petition by Duquesne for a rehearing. After further proceedings on February 4, 1981, the referee again awarded benefits, adopting several of the findings in her prior decision, including No. 5 quoted above, and adding the following finding:

C. That the Claimant submitted a deposition of Dr. A. Carl Walker taken on May 14, 1980 wherein Dr. Walker states that Claimant's interstitial fibrosis is secondary to anthracosilicosis and Claimant's emphysema is secondary to coal dust with Claimant's main problem being anthracosilicosis and pulmonary fibrosis.

The referee's references to Dr. Walker's deposition were as follows:

Q. And I note that you state in your conclusion that this patient, or this gentleman whom you examined, had bilateral anthracosilicosis. Is that correct?

A. Yes, sir.

Q. And you made a second finding that he had bilateral interstitial fibrosis. Is that correct?

A. Yes, sir.

Q. In what way, if any, is bilateral interstitial fibrosis related to anthracosilicosis?

A. Bilateral interstitual fibrosis is secondary to his anthracosilicosis; and the fibrosis,— all it is is scar tissue secondary to his anthra-

cosilicosis, which makes it a case of complicated pneumoconiosis.

Q. Doctor, you made a third finding, did you not, a chronic emphysema?

A. Yes, sir.

Q. In what way, if any, is that related to anthracosilicosis?

A. This would be an added factor in causing his shortness of breath and easy fatigability. This patient had not smoked since 1954, which is 26 years. So, I felt that his emphysema was secondary to coal dust; and, we see emphysema in non-smoking coal miners in about 30 per cent of the cases; and, I'm referring to Fraser and Pare' but I can't give you the page number.

. . . .

Q. Do you have an opinion as to whether or not exposure to coal dust can cause emphysema?

A. Oh, yes. It can cause emphysema; and, in this case, it's an added factor; but, his main problem was anthracosilicosis and pulmonary fibrosis.

Equally lacking in merit is Duquesne's second contention that "evidence from Dr. Walker was incompetent." Duquesne avers that Dr. Walker's opinions were based "on two fabricated quotes" and that Duquesne was denied the right to cross-examine Dr. Walker by his refusal to read x-rays "unless he knew the identity of the subject." Our review of the record indicates that the questioned testimony had to do with whether or not Claimant, in the alternative, could have qualified for benefits under Section 108(n), 77 P.S. §27.1(n), an issue which is of no significance here, since the award in this case is made under Section 108 (q) and the findings thereunder, as noted above, are

supported by substantial evidence. Furthermore, we know of no authority and Duquesne offers none, that would require us to overturn an award such as the one in this case on the refusal of a medical witness to testify as to x-ray films, where there is a refusal to identify for him the subject of those films.

Accordingly, finding no merit in Duquesne's contentions, we will affirm.

### ORDER

Now, October 7, 1983, the order of the Workmen's Compensation Appeal Board dated December 31, 1981 at number A-80712, is affirmed.